

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable W. O. Shafer
County Attorney
Ector County
Odessa, Texas

Dear Mr. Shafer:          Opinion No. 0-7205

                              Re: Legality of a Justice of the
                                  Peace elected in one precinct
                                  in holding his office after
                                  changing his residence to an-
                                  other precinct.

Your request for an opinion from this Department upon the above subject-matter is as follows:

"I would be very grateful for the opinion of your department concerning the following questions:

"'Is a Justice of the Peace who has been duly elected and qualified in one precinct, for instance, Precinct No. 2, and at such time resided in Precinct No. 2, entitled to hold such office if subsequently he moves to another precinct, for instance, Precinct No. 3, and maintains his residence in Precinct No. 3?

"'In event the foregoing question is answered in the negative, what would the proper procedure be for removing such Justice of the Peace from the office he now holds in Precinct No. 2?'"

In answer to your first question, we beg to advise that mere change of residence of the Justice of the Peace to another precinct than that in which he resided and was elected does not operate in law to create a vacancy in such office. The Commissioners' Court may not determine judicially whether or not a vacancy does exist. (See our Opinion No. 0-3047). It is the duty of the Commissioners' Court, however, to appoint a Justice, if there is in fact a vacancy such as the law contemplates in bestowing upon it the power to appoint. (See our Opinion No. 0-2361)

. . . . . . . . TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Article 5970 of the Revised Civil Statutes authorizes the District Court to remove a Justice of the Peace "for incompetency, official misconduct", et cetera. Article 5972 defines "incompetency". This statute is the applicable statute in a proper case for removing a Justice of the Peace.

We have no sufficient information as to the facts and circumstances surrounding the removal of the Justice of the Peace involved, and are not furnished with information that would authorize us to venture an opinion whether or not grounds for removal exist, and we express no opinion whatever as to that point.

We trust that what we have said sufficiently answers your questions.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Ocie Speer
ASSISTANT

OS-AR